IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BIERMAN FAMILY FARM, LLC./   *
KING MULCH/KING FARMS,   *

    Plaintiff(s),   *

vs.   *   Civil Action No. ADC-17-0004

UNITED FARM FAMILY INSURANCE   *
COMPANY,   *

    Defendant.   *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

This Memorandum Opinion addresses the Motion to Dismiss Claim of Bad Faith (ECF No. 17) filed by Defendant United Farm Family Insurance Company ("Defendant") against Plaintiffs Bierman Family Farm, LLC., King Mulch, and King Farms (collectively, "Plaintiffs"). On January 3, 2017, Plaintiffs filed suit in the Circuit Court for Harford County against Defendant alleging one count of breach of contract for failure to fully pay the amounts due under an insurance contract between Plaintiff Bierman and Defendant United Farm Family Insurance Company. ECF No. 2 (hereinafter "the Complaint").[1] On January 22, 2017, Defendant filed a Motion to Dismiss Claim of Bad Faith (hereinafter "the Motion to Dismiss"). ECF No. 17. On February 22, 2017, Plaintiffs filed an opposition to Defendant's Motion to Dismiss. ECF No. 19. On March 1, 2017, Defendant filed a reply to Plaintiffs' opposition. ECF No. 21.

---

[1] On January 4, 2017, pursuant to U.S.C. § 1446, Defendant removed this action to federal court on the grounds of diversity of citizenship. ECF No. 1 ("Notice of Removal"); see 28 U.S.C. § 1446; see also 28 U.S.C. § 1332.

1

This matter is now fully briefed.[2] Upon review of Defendant's Motion to Dismiss, Plaintiffs' Response, and Defendant's Reply, the Court finds no hearing is necessary. *See* Local Rule 105.6. For the reasons stated herein, the Court GRANTS Defendant's Motion to Dismiss Claim of Bad Faith.

## I. Factual Background

This lawsuit arises out of Defendant United Farm Family's denial of Plaintiff Bierman's insurance claim for the alleged damage to a storage building on the property located at 33819 Market Street, Pokomoke City, Maryland 21851 (hereinafter "the Property"). On or about October 13, 2015, Plaintiff Bierman and Defendant entered into a contract of insurance (Policy No. 1913G1126) (hereinafter "the Policy") providing coverage on the Property for the time period from November 17, 2015 through November 17, 2016. ECF No. 17-2. The Policy provided for a maximum coverage of $200,000 for the storage building located at the Property. In addition to that maximum, the Policy provided for up to $10,000 for debris removal and up to $10,000 for law and ordinance coverage.[3] *Id.*

On April 10, 2016, "the Property sustained a fire loss" ECF No. 2 at 2. As a result, Plaintiffs "made a claim with the Defendant for the resulting property damage by way of Claim Number 19-G-3A9171" claiming costs in excess of the $200,000 policy limit for replacement of the Property as well as estimates in excess of $10,000 for debris removal. *Id.* at 3. Thereafter, Defendant partially denied Plaintiffs claim, paying $105,000 or one half of the total coverage for

---

[2] On May 1, 2017, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States Court for the District of Maryland and upon consent of the parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings.

[3] Under the Policy, the limits of insurance for the Storage Building were: $200,000; plus up to 5% of that limit for debris removal and up to 5% of that limit for law and ordinance costs. The $10,000 figure represents 5% of the $200,000 maximum coverage for the storage building.

damage and debris removal at the Property based on the application of a Vacancy and Unoccupancy Clause contained in the Policy.[4]

Plaintiffs' Complaint alleges a single count of breach of contract for failure to fully pay the amounts due under the Policy. Specifically, Plaintiffs contend that, "[Defendant] improperly applied a 50% vacancy penalty, even though the Storage Building was not vacant under the definitions of the policy." *Id.* The Complaint seeks $220,000 in damages with interests and costs for the alleged breach as well as a declaratory judgment of Defendant's bad faith. ECF No. 2. Defendant now moves to dismiss the claim of bad faith outlined in paragraph 19 of the Complaint for failure to state a claim. ECF No. 17.

## II. Standard of Review

"The purpose of a Rule 12(b)(6) motion [to dismiss] is to test the sufficiency of a complaint." *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010) (internal citation omitted). To survive a Rule 12(b)(6) motion, a complaint must satisfy the pleading standard articulated in Fed. R. Civ. P. 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendant with "fair notice" of the claim and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 & n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted); *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013).

---

[4] *See* ECF No. 2 at 5 ("the Complaint") (quoting Policy No. 1913G1126, Page 3 of 9, Part 11(a)) ("VACANCY and UNOCCUPANCY Clause: a. If a RESIDENCE or BUILDING covered under this policy is VACANT or UNOCCUPIED beyond a period of sixty (60) consecutive days, the applicable Limit of Liability for the RESIDENCE or BUILDING and the contents contained therein will be automatically reduced by 50%.).

3

To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court is required to "accept the well-pled allegations of the complaint as true" and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 474, 474 (4th Cir. 1997); *see also Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) ("in evaluating a 12(b)(6) motion to dismiss, a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint."). However, the court need not accept unsupported or conclusory factual allegations. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). Nor must it accept legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. Thus, dismissal is appropriate where "accepting as true the well-pled facts in the complaint and viewing them in the light most favorable to the plaintiff, the plaintiff is unable to 'state a claim to relief that is plausible on its face" *Brockington v. Boykins*, 637 F.3d 503, 505–06 (4th Cir. 2011) (citing *Twombly*, 550 U.S. at 570)).

In sum, to survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted). Thus, a complaint must contain sufficient factual detail to "nudge

[Plaintiffs'] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that "'the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

### III. Discussion

#### a. Plaintiffs' Argument that Defendant's Motion to Dismiss Has Been Waived

This Court first addresses Plaintiffs' claim that Defendant's Motion to Dismiss has been waived. Plaintiffs argue that a motion to dismiss is not proper at this stage and should have been raised prior to the filing of Defendant's Answer to the Complaint. See ECF No. 19 at 1. The Court disagrees.

Plaintiffs correctly note that Rule 12(b) requires that a motion asserting the defense of failure to state a claim "must be made before pleading if a responsive pleading is allowed" ECF No. 19 at 1 (citing Fed. R. Civ. P. 12(b)) (emphasis omitted). There are, however, exceptions to that rule. In particular, Rule 12(h)(2)(B) allows a defendant to bring a motion to dismiss for failure to state a claim "by a motion under Rule 12(c)." Fed. R. Civ. P. 12(h)(2)(B). Rule 12(c) states that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).

Plaintiffs have raised no arguments that this Court's consideration of Defendant's Motion to Dismiss will cause undue delay of trial or prejudice to the parties. Therefore, this Court will construe Defendant's Motion to Dismiss as a motion made pursuant to Rule 12(c). *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (stating that a defendant's untimely motion to dismiss pursuant to Rule 12(b)(6) may be viewed as a Rule 12(c) motion).

Accordingly, this Court rejects Plaintiffs' waiver argument and construes Defendant's Motion to Dismiss as a Motion for Judgment on the Pleadings under Rule 12(c).[5]

### b. Defendant's Motion to Dismiss the Bad Faith Claim contained in Count 1 of the Complaint.

Count One, item 19 of the Complaint requests that the Court enter a judgment against Defendant, declaring that Defendant acted in bad faith in denying Plaintiffs' insurance policy claim. Defendant counters that Plaintiffs are not entitled to raise such a claim without first pursuing an administrative remedy with the Maryland Insurance Administration as is required by Maryland law. ECF No. 17 at 2.

Section 27–1001(d)(1) of the Maryland Insurance Code states that a "complaint stating a cause of action under § 3–1701 of the Courts Article shall first be filed with the Maryland Insurance Administration." However, a plaintiff is not required to exhaust the administrative remedies outlined by the Maryland Insurance Administration where his or her claim falls into one of the three enumerated exceptions to that prerequisite. *See* Md. Code Ann., Ins. § 27-1001 ("Paragraph (1) of this subsection does not apply to an action: (i) within the small claim jurisdiction of the District Court under § 4-405 of the Courts Article; (ii) if the insured and the insurer agree to waive the requirement under paragraph (1) of this subsection; or (iii) under a commercial insurance policy on a claim with respect to which the applicable limit of liability exceeds $1,000,000.").

---

[5] "[A] Rule 12(c) motion for judgment on the pleadings is decided under the same standard as a motion to dismiss under Rule 12(b)(6)." *Deutsche Bank Nat'l Trust Co. v. I.R.S.*, 361 Fed. App'x 527, 529 (4th Cir. 2010); *see also Burbach Broad Co. v. Elkins Radio*, 278 F.3d 401, 405 (4th Cir. 2002). Thus, in order to survive a motion for judgment on the pleadings, the pleadings must contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

Plaintiffs have not pled that they exhausted their administrative remedies. Furthermore, Plaintiffs' opposition to Defendant's Motion to Dismiss does not claim to have met any of the exceptions enumerated in Section 27-1001 and the Court agrees with the Defendant that, based on the pleadings, none of the exceptions are met here. Plaintiffs instead argue that Section 27-1001 is not applicable in their claim because the Complaint seeks only declaratory relief rather than statutory damages for Defendant's alleged bad faith denial of policy benefits. *See* ECF No. 19 at 2; *see also* Md. Code Ann., Ins. § 27-1001. More specifically, Plaintiffs contend that the Complaint "does not seek the extra contractual damages allowed by 27-1001" and that their bad faith claim seeks "no relief, other than the declaratory judgment itself" ECF No. 19 at 2. The Court finds however that this argument is not consistent with the damages allegations outlined in the Complaint.

In Maryland, "a party suffering a breach of contract is entitled to recover as damages the amount that would place him in the position he would have been in had the contract not been broken." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 506 (4th Cir. 1986). Despite receiving, $105,000 on the initial payment of the claim, Plaintiffs seek damages in the amount of $220,000 for Defendant's alleged breach of contract. The Complaint, therefore, seeks damages in excess of the full benefits Plaintiffs would have been entitled to under the insurance policy contract. Section 3-1701 of the Maryland Insurance Article dictates that an insured may not commence a suit against an insurer alleging bad faith failure to pay policy benefits that seeks more than the actual damages under the policy until it first obtains a final decision on its claim from the Maryland Insurance Administration. Md. Code Ann., Cts. & Jud. Proc. § 3–1701(c)-(d); Md. Code Ann., Ins. § 27–1001. Consequently, Plaintiffs were required to follow the administrative

pre-requisites outlined by the Maryland Insurance Administration before filing their bad faith claim.

Irrespective of Plaintiffs allegation of damages, the Complaint in addition fails to allege any facts indicative of Defendant's bad faith beyond the initial breach of the insurance policy contract. The case instead turns on a singular issue of contract interpretation, that is; whether or not Defendant correctly applied the VACANCY and UNOCCUPANCY penalty to Plaintiff's claim under the policy. It is well-settled under Maryland law that an insured claiming that an insurer has failed to pay policy benefits may only pursue contract remedies. *See Jones v. Hyatt Ins. Agency, Inc.*, 356 Md. 639, 655 (1999) (liability insurer's erroneous denial of coverage gives rise only to a breach of contract action); *Mesmer v. Maryland Auto. Ins. Fund*, 353 Md. 241, 258 (1999) ("We have repeatedly indicated that the obligation to defend and the obligation to indemnify are entirely contractual."); *Bailer v. Erie Insurance*, 344 Md. 515, 520 (1997) (a claim against a liability insurer based on "a coverage issue" constitutes a "breach of contract claim"); *Belcher v. Gov't Employees Ins. Co.*, 282 Md. 718, 724 (1978) (the duty to indemnify up to policy limits and the duty to defend are "both contractual obligations"); *Anderson v. Md. Casualty Co.*, 123 Md. 67, 70, 90 A. 780, 781 (1914) (where an insurer erroneously refuses to pay policy benefits, it is a "breach of contractual duty"). An insured, therefore, may not bring a tort claim for bad faith based simply on an insurer's failure to pay a claim. *See, e.g., Snyder v. Chester Cnty. Mut. Ins. Co.*, 264 F.Supp.2d 332, 340 (D. Md. 2003); *Yuen v. American Republic*, 786 F.Supp. 531, 533 (D. Md. 1992) ("[I]t is well-settled that there is no first party bad faith claim maintainable against an insurer under Maryland law"); *Johnson v. Fed. Kemper Ins. Co.*, 74 Md. App. 243, 247–48 (1988) ("Maryland does not recognize a specific tort action against an insurer for bad faith failure to pay an insurance claim."). Thus the Court finds based on the facts

outlined in the Complaint that Plaintiff has failed to state a plausible claim of bad faith against Defendant.

Therefore, for the reasons stated herein, and in accordance with the laws of Maryland governing insurance contracts, the bad faith allegations contained in Count One will be dismissed. Moreover, because "punitive damages are prohibited in a pure action for breach of contract," *Schaefer v. Miller*, 322 Md. 297, 299 (1991) (citations omitted), Plaintiffs are only entitled to those damages that "arise naturally from the breach of contract itself, or those which can be shown to have been contemplated by the parties when they entered into the contract as the probable result of a breach." See *Johnson*, 74 Md. App. at 249. Thus, Defendant's motion to dismiss the allegations of bad faith contained in Count One is GRANTED.

An Order will follow.

Date: 13 July 2017

A. David Copperthite
United States Magistrate Judge