IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BIERMAN FAMILY FARM, LLC./ \*
KING MULCH/KING FARMS, \*
\*
\*
Plaintiff(s), \*
\*
vs. \*    Civil Action No.   ADC-17-0004
\*
UNITED FARM FAMILY INSURANCE \*
COMPANY, \*
\*
\*
Defendant. \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM**

This Memorandum Opinion addresses the Motion to Quash and Objections to Defendant United Farm's Notice of and Subpoena for Depostion Duces Tecum (ECF No. 29) filed by Plaintiffs Bierman Family Farm, LLC., King Mulch, and King Farms (collectively, "Plaintiffs") against Defendant United Farm Family Insurance Company ("Defendant"). On June 5, 2017, Plaintiffs filed a Motion to Quash and Objections to Defendant United Farm's Notice of and Subpoena for Depostion Duces Tecum (hereinafter "the Motion to Quash"). ECF No. 29. On June 7, 2017, Plaintiffs filed an opposition to Plaintiffs' Motion to Quash. ECF No. 30. On June 12, 2017, Plaintiff filed a reply to Defendant's opposition. ECF No. 31. Plaintiffs argument is two-fold: (1) that Defendant failed to comply with the procedural requirements of Fed R. Civ. P. 45 ("Rule 45") because the subpoena was not directed to either the registered agent or principal business office and failed to include a witness fee; and (2) that the document request contained therein fails to comply with Fed R. Civ. P. 26 ("Rule 26") because it is overbroad and unduly burdensome on Plaintiff. ECF No. 29-1.

This matter is now fully briefed. Upon review of Plaintiffs' Motion to Quash, Defendant's Response, and Plaintiffs' Reply, the Court finds no hearing is necessary. See Local

1

Rule 105.6. For the foregoing reasons, this Court GRANTS Plaintiffs' Motion to Quash on all grounds.

## I. Factual Background

This lawsuit arises out of Defendant United Farm Family's denial of Plaintiff Bierman's insurance claim for alleged damage to a storage building on the property located at 33819 Market Street, Pokomoke City, Maryland 21851 (hereinafter "the Property"). On or about October 13, 2015, Plaintiff Bierman and Defendant entered into a contract of insurance (Policy No. 1913G1126) (hereinafter "the Policy") providing coverage on the Property for the time period from November 17, 2015 through November 17, 2016. ECF No. 29-1. The Policy provided for a maximum coverage of $200,000 for the storage building located at the Property. In addition to that maximum, the Policy provided for up to $10,000 for debris removal and up to $10,000 for law and ordinance coverage.[1] *Id.*

On April 10, 2016, "the Property sustained a fire loss" ECF No. 2 at 2. As a result, Plaintiffs "made a claim with the Defendant for the resulting property damage by way of Claim Number 19-G-3A9171" claiming costs in excess of the $200,000 policy limit for replacement of the Property as well as estimates in excess of $10,000 for debris removal. *Id.* at 3. Thereafter, Defendant partially denied Plaintiffs claim, paying $105,000 or one half of the total coverage for damage and debris removal at the Property based on the application of a Vacancy and Unoccupancy Clause contained in the Policy.[2]

---

[1] Under the Policy, the limits of insurance for the Storage Building were: $200,000; plus up to 5% of that limit for debris removal and up to 5% of that limit for law and ordinance costs. The $10,000 figure represents 5% of the $200,000 maximum coverage for the storage building.
[2] *See* ECF No. 2 at 5 ("the Complaint") (quoting Policy No. 1913G1126, Page 3 of 9, Part 11(a)) ("VACANCY and UNOCCUPANCY Clause: a. If a RESIDENCE or BUILDING covered under this policy is VACANT or UNOCCUPIED beyond a period of sixty (60) consecutive days, the

2

On January 3, 2017, Plaintiffs filed suit in the Circuit Court for Harford County against Defendant alleging one count of breach of contract for failure to fully pay the amounts due under the Policy.[3] Specifically, Plaintiffs contend that, "[Defendant] improperly applied a 50% vacancy penalty, even though the Storage Building was not vacant under the definitions of the policy." *Id.*

## II. Discussion

### a. Plaintiffs' argument that Defendant failed to comply with the procedural requirements of Fed R. Civ. P. 45 ("Rule 45").

The decision whether to enforce or quash a party's subpoena is within the district court's discretion. *See United States v. Guild*, No. 1:07cr404, 2008 WL 169355, at *1 (E.D.Va. Jan. 15, 2008) (citations omitted). This Court first addresses Plaintiffs' claim that Defendant's subpoena was improperly served. Rule 45 addresses the mechanisms by which a subpoena may be served and sets forth protections for persons subject to subpoenas. Specifically, Rule 45(b)(1) provides, in part, that "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed.R.Civ.P. 45(b)(1) (2017).

Plaintiff argues that the Defendant failed to tender the required witness and mileage fee as mandated by Rule 45(b)(1). Defendant counters that the subpoena does not request witness attendance and thus is not subject to the witness and mileage fee requirement.

The Court finds no support in the record for Defendant's argument. First, the subpoena itself is titled as follows: "SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL

---

applicable Limit of Liability for the RESIDENCE or BUILDING and the contents contained therein will be automatically reduced by 50%.).

[3] On January 4, 2017, pursuant to U.S.C. § 1446, Defendant removed this action to federal court on the grounds of diversity of citizenship. ECF No. 1 ("Notice of Removal"); see 28 U.S.C. § 1446; see also 28 U.S.C. § 1332.

3

ACTION[.]" In addition, the subpoena sets a time, date, and location for deposition of the witness and commands that the witness, "must also *bring with you to the deposition* the following documents, electronically stored information, or objects, and must permit inspection, copying testing or sampling of the material[.]" ECF No. 29-2 at 2 (emphasis added). Furthermore, the attached notice is titled as "NOTICE TO TAKE DEPOSITION DUCES TECUM" and states that "Defendant will take deposition upon oral examination of the following person on the date and at the time noted [...]"). Therefore, based on the language in the subpoena, the witness's attendance was clearly requested and Defendant was required to comply with the fee requirements of Rule 45(b)(1). Thus, the Court finds that the subpoena was not properly served in accordance with Rule 45(b)(1) because Defendant failed to tender the required witness and mileage fees upon service.

### b. Plaintiffs' argument that Defendant's document request is overbroad.

"The burden of proving that a subpoena is oppressive is on the party moving to quash." *Fleet Bus. Credit, LLC v. Solarcom, LLC*, No. Civ. AMD 05–901, 2005 WL 1025799, at *1 (D.Md. May 2, 2005) (internal quotation marks omitted); *see also Smith v. United Salt Co.*, No. 1:08CV00053, 2009 WL 2929343, at *5 (W.D. Va. 9 Sept. 2009). Irrelevance and overbreadth are not contained within the list of enumerated reasons for quashing a subpoena found in Rule 45. It is well settled, however, that the scope of discovery allowed under a subpoena is the same as the scope of discovery allowed under Rules 26(b). *Cook v. Howard*, No. 11–1601, 2012 WL 3634451, at *6 (4th Cir. Aug. 24, 2012) (per curiam) ("Although Rule 45(c) sets forth additional grounds on which a subpoena against a third party may be quashed[,] ... those factors are co-extensive with the general rules governing all discovery that are set forth in Rule 26.").

Rule 26(b)(1) limits the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed.R.Civ.P. 26(b)(1). In making this determination, the court must consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Thus, the court is permitted to quash a subpoena duces tecum where it "does not limit the [documents] requested to those containing subject matter relevant to the underlying action" under the standards set forth in Rule 26(b). *In re Subpoena Duces Tecum to AOL, LLC*, 550 F.Supp.2d 606, 612 (E.D.Va.2008); *see also Sirpal v. Wang*, No. WDQ–12–0365, 2012 WL 2880565, at *5 (D.Md. July 12, 2012).

Similarly, Rule 45(d)(3)(A)(iv) requires the court to quash a subpoena that "subjects a person to undue burden." Fed.R.Civ.P. 45(d)(3)(A)(iv); *see also Cook*, 2012 WL 3634451, at *6 n. 7. Whether a subpoena imposes an undue burden upon a witness is a case specific inquiry that turns on the reasonableness of the subpoena. *Maxtena, Inc. v. Marks*, 289 F.R.D. 427, 439 (D. Md. 2012). In analyzing a subpoena's reasonableness, the court must weigh the benefits and burdens and consider whether the information is necessary and whether it is available from any other source. *Id.* (citing 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2463.1 (3d ed. 2008)). In addition, subpoenas that are overbroad or those that "[seek] information irrelevant to the case" should be considered unduly burdensome. *Cook*, 2012 WL 3634451, at *6 n. 7; *see also In re Subpoena Duces Tecum.*, 550 F.Supp.2d at 612 ("[a] subpoena imposes an undue burden on a party when [it] is overbroad.").

Here, Defendant's subpoena seeks the following:

> [c]opies of all documents reflecting any and all transactions between King Pallet, Inc. and any customer thereof, with respect to purchases, rentals, delivery or other

provision of pallets (new, recycled, and/or refurbished) and/or pallet hardware, (including but not limited to lumber/wood, fasteners, screws, and nails)[.]

ECF No. 29-2 at 6.[4] On the merits, Plaintiffs concede that the transactional documents in connection with the Pokomoke location and its Eastern Shore area of operations are relevant to this case but contend that the remainder of the documents requested by Defendant's subpoena are "neither relevant nor proportional to the needs of [the] case." ECF No. 29-1 at 7. The court agrees. Because this case turns on the singular issue of whether or not a particular building at the site of Plaintiffs' claim was vacant under the terms of the policy, the only transactional documents relevant in this action are those connected with the site of the loss at Pokomoke and its Eastern Shore area of business. Documents having to do with pallet sales at other locations having nothing to do with the Pokomoke location have no bearing on the ultimate issue in this case. Thus, Defendants subpoena request is overbroad in proportion to the needs of the case.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Quash and Objections to Defendant United Farm's Notice of and Subpoena for Deposition Duces Tecum (ECF No. 29) is GRANTED. The subpoenaed entity, Custodian of Record for King Pallet, Inc., is not required to produce the documents sought by the June 5, 2017 subpoena.

An Order will follow.

Date: 2 August 2017

A. David Copperthite
United States Magistrate Judge

---

[4] Defendant's subpoena seeks eleven distinct categories of documents in this regard, all from the period of September 1, 2015 through April 1, 2016: (1) general ledgers; (2) general journals; (3) summary journals including but not limited to sales journals, purchase journals, cash receipt journals, and cash disbursement journals; (4) invoices; (5) sales receipts; (6) purchase orders; (7) receiving reports; (8) inventory records; (9) delivery records; (10) pickup records; and (11) transportation records. (ECF No. 29-2 at 6).