IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BIERMAN FAMILY FARM, LLC/
KING MULCH/KING FARMS,

    Plaintiff,

vs.

UNITED FARM FAMILY INSURANCE
COMPANY,

    Defendant.

Civil Action No. ADC-17-0004

## MEMORANDUM OPINION

Plaintiff, Bierman Family Farm, LLC/King Mulch/King Farms, moves this Court for summary judgment in favor of Plaintiff and against Defendant United Farm Family Insurance Company ("Defendant") ("Plaintiff's Motion") (ECF No. 40). Plaintiff seeks a ruling from the Court that Defendant pay the remaining half of its insurance policy's limit of liability. Defendant filed an opposition to Plaintiff's Motion and cross-motion for summary judgment in favor of Defendant and against Plaintiff ("Defendant's Cross-Motion) (ECF No. 43).

After considering the motions and responses thereto (ECF Nos. 44–45), the Court finds that no hearing is necessary. *See* Loc.R. 105.6 (D.Md. 2016). In addition, having reviewed the pleadings of record and all competent and admissible evidence submitted by the parties, the Court finds that there is a genuine issue of material fact as to the claims asserted. Accordingly, the Court will DENY Plaintiff's Motion (ECF No. 40) and DENY Defendant's Cross-Motion (ECF No. 43).

1

## FACTUAL BACKGROUND

This lawsuit arises out of Defendant's partial denial of Plaintiff's insurance claim for the alleged damage to a storage building on the property located at 33819 Market Street, Pokomoke City, Maryland 21851 ("the Property"). On or about October 13, 2015, Plaintiff and Defendant executed an insurance contract (Policy No. 1913G1126) ("the Policy") to provide coverage on the Property for the time period from November 17, 2015 through November 17, 2016. ECF No. 40-2. The Policy lists fire as one of the "PERILS INSURED AGAINST." The Policy includes a "VACANCY and UNOCCUPANCY Clause" (the "Vacancy and Unoccupancy Clause"), which states, in pertinent part:

> If a RESIDENCE or BUILDING[1] covered under this policy is VACANT[2] or UNOCCUPIED[3] beyond a period of sixty (60) consecutive days, the applicable Limit of Liability for the RESIDENCE or BUILDING and the contents contained therein will be automatically reduced by 50%. BUILDINGS which are in a seasonal state of VACANCY or UNOCCUPANCY due to normal practices of FARMING[4] operations are not considered VACANT or UNOCCUPIED.

---

[1] The Policy defines "BUILDING" as "a private garage or structure used in YOUR covered BUSINESS or FARMING operations for other than RESIDENCE purposes" and "BUSINESS" as "a trade, profession or occupation other than FARMING." ECF No. 40-2 at 13.

[2] The Policy defines "VACANCY or VACANT" as "not containing sufficient furnishings or other property customary to its intended use or occupancy; and not being lived in." *Id.* at 20.

[3] The Policy defines "UNOCCUPANCY or UNOCCUPIED" as "the condition of . . . any other BUILDING or structure not being used . . . even if it contains furnishings or other property customary to its intended use or occupancy." *Id.*

[4] Within the Policy, "FARMING" means "the production and marketing of fruit, vegetable, nut or field crops, flowers, sod, nursery or greenhouse stock," "the raising or keeping of LIVESTOCK owned or leased by" Plaintiff, and aqua-culture. *Id.* at 16.

2

*Id.* at 29. The Policy provides for a maximum coverage of $200,000 for the storage building located on the Property. *Id.* at 8. In addition to the maximum coverage amount, the Policy provides for up to 5% of the $200,000, or $10,000, for debris removal. *Id.* at 53.

At the Property, Plaintiff provided King Pallet, Inc. with a place to store, maintain, and stage pallets used in the farming industry. ECF No. 43-3 at 2. Accordingly, any pallets at the Property during the sixty days preceding April 10, 2016 belonged to and were used in the business of King Pallet, Inc. *Id.* at 3.

On April 10, 2016, the Property sustained a fire loss. ECF No. 40-7 at 17–18. Plaintiff made a claim with Defendant for the resulting property damage by way of Claim Number 19-G-3A9171, claiming costs in excess of the $200,000 policy limit for replacement of the Property as well as estimates in excess of $10,000 for debris removal. *See* ECF No. 40-2 at 3. After an inspection and evaluation of the Property, a claims representative for Defendant determined that the building was a total loss and was unoccupied. ECF No. 40-7 at 18–19. Therefore, on April 18, 2016, relying on the first sentence of the Vacancy and Unoccupancy Clause contained in the Policy, Defendant partially denied Plaintiff's claim, paying $105,000, or one half of the total coverage for damages plus 5% for debris removal at the Property. ECF No. 40-3 at 2.

### PROCEDURAL BACKGROUND

On January 3, 2017, Plaintiff filed suit in the Circuit Court for Harford County against Defendant alleging a single count of breach of contract for failure to fully pay the amount due under the Policy. ECF No. 2 ("the Complaint").[5] Specifically, Plaintiff alleged that Defendant "improperly applied a 50% vacancy penalty, even though the storage building was not vacant

---

[5] On January 4, 2017, pursuant to 28 U.S.C. § 1446, Defendant removed this action to federal court on the grounds of diversity of citizenship. ECF No. 1 ("Notice of Removal"); *see also* 28 U.S.C. § 1332.

3

under the definitions of the policy." *Id.* at 3. The Complaint sought $220,000 in damages with interests and costs for the alleged breach.[6] *Id.* at 6.

On September 22, 2017, Plaintiff filed Plaintiff's Motion (ECF No. 40) seeking summary judgment against Defendant for imposing a fifty percent reduction in the amount of Plaintiff's recoverable policy benefits based on Defendant's allegedly incorrect conclusion that an insured building was vacant at the time of the fire loss.[7] On October 11, 2017, Defendant filed Defendant's Cross-Motion (ECF No. 43) seeking summary judgment in its favor. Plaintiff filed a reply and opposition (ECF No. 44) on October 27, 2017, and Defendant filed a reply (ECF No. 45) on November 8, 2017. This matter is now fully briefed and the Court has reviewed each party's cross-motion for summary judgment. For the foregoing reasons and pursuant to Federal Rule of Civil Procedure 56(d), Plaintiff's Motion (ECF No. 40) is denied and Defendant's Cross-Motion (ECF No. 43) is denied.

## STANDARD OF REVIEW

Pursuant to Rule 56, a movant is entitled to summary judgment where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The Supreme Court has clarified that not every factual dispute will defeat a motion for summary judgment but rather, there must be a genuine

---

[6] On January 22, 2017, Defendant moved to dismiss Plaintiff's claim of bad faith for failure to state a claim (ECF No. 17), and after considering the motion along with an opposition and reply (ECF Nos. 19, 21), this Court granted Defendant's motion to dismiss on July 13, 2017 (ECF No. 34).

[7] On May 1, 2017, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States Court for the District of Maryland and upon consent of the parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings.

4

issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–248 (1986) ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." (emphases in original)). An issue of fact is material if, under the substantive law of the case, resolution of the factual dispute could affect the outcome. *Id.* at 248. There is a genuine issue as to material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of either establishing that no genuine issue of material fact exists or that a material fact essential to the non-movant's claim is absent. *Celotex Corp.*, 477 U.S. at 322–24. Once the movant has met its burden, the onus is on the non-movant to establish that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In order to meet this burden, the non-movant "may not rest upon the mere allegations or denials of [its] pleadings," but must instead "set forth specific facts showing that there is a genuine issue for trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting Fed.R.Civ.P. 56(e)).

Here, both parties moved for summary judgment. "When faced with cross-motions for summary judgment, the court must review each motion separately on its own merits to determine whether either of the parties deserves judgment as a matter of law," and in considering each motion "the court must take care to resolve all factual disputes and any competing, rational inferences in the light most favorable to the party opposing that motion." *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003) (citations and internal quotation marks omitted); *see also United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in such materials must be viewed in the light

most favorable to the party opposing the motion."). At the same time, the court also must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)).

The standard that this Court applies to cross-motions for summary judgment is as follows:

> "[C]ross-motions for summary judgment do not automatically empower the court to dispense with the determination of whether questions of material fact exist." *Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. Voigt*, 700 F.2d 341, 349 (7th Cir. . . . 1983). "Rather, the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1391 (Fed.Cir. 1987). Both motions may be denied. *See Shook v. United States*, 713 F.2d 662, 665 (11th Cir. 1983).
>
> "[B]y the filing of a motion [for summary judgment] a party concedes that no issue of fact exists under the theory [it] is advancing, but [it] does not thereby so concede that no issues remain in the event [its] adversary's theory is adopted." *Nafco Oil and Gas, Inc. v. Appleman*, 380 F.2d 323, 325 (10th Cir. 1967). *See also McKenzie v. Sawyer*, 684 F.2d 62, 68 n.3 (D.C.Cir. 1982) ("neither party waives the right to a full trial on the merits by filing its own motion"). However, when cross-motions for summary judgment demonstrate a basic agreement concerning what legal theories and material facts are dispositive, they "may be probative of the non-existence of a factual dispute." *Shook*, 713 F.2d at 665.

*Bryant v. Better Bus. Bureau of Greater Md., Inc.*, 923 F.Supp. 720, 729 (D.Md. 1996). Thus, the fact that both sides moved for summary judgment "neither establish[es] the propriety of deciding a case on summary judgment, nor establish[es] that there is no issue of fact requiring that summary judgment be granted to one side or another." *Cont'l Airlines, Inc. v. United Airlines, Inc.*, 277 F.3d 499, 511 n.7 (4th Cir. 2002) (internal citations and quotation marks omitted).

## DISCUSSION

Both parties contend in their motions that there is no genuine dispute of material fact and ask the Court to determine whether the Vacancy and Unoccupancy Clause applies to Plaintiff's fire loss claim. The parties, however, proffer contradictory evidence regarding the presence of pallets on the Property, which gives rise to their competing theories regarding whether the Property was vacant or unoccupied within the meaning of the Policy. As a result, there is a significant dispute of material fact affecting the outcome of the case and preventing the Court from entering summary judgment for either party. *See Randolph v. PowerComm Constr., Inc.*, 309 F.R.D. 349, 364–65 (D.Md. 2015) (denying plaintiffs' and defendant's motions for summary judgment where "there is enough conflicting evidence to create a genuine dispute of fact over [an] issue").

First, considering Plaintiff's Motion, the Court concludes that, when viewing the evidence in the light most favorable to Defendant, a genuine dispute of material fact exists. While Plaintiff contends that the Property stored pallets used in its farming business, ECF No. 40 at 10, Defendant contends that pallets were not stored on the Property and that even if they were stored on the Property, they were not used in Plaintiff's farming business,[8] ECF No. 43 at 7–8. Regarding the presence of pallets on the property and their use in Plaintiff's farming business, Plaintiff points to the deposition testimony of three witnesses—an employee, its owner, and its listing agent—who all stated that in mid-February 2016, on separate occasions, they were on the Property and saw pallets there. ECF Nos. 40-4 at 27–28, 34–35 & 40-5 at 26–27 & 40-6 at 26–

---

[8] Because a genuine issue of material fact exists regarding the presence of pallets at the Property, the Court need not resolve whether the pallets were used in Plaintiff's farming business, and if so, whether such a use would fall under the Policy.

7

27. Only one of these witness testified to being on the Property on a specific date and none of the witnesses had any corroborating evidence for the date of their visits.

"Where the determination of what actually happened depends on an assessment of the credibility of the [parties'] respective witnesses, 'this assessment is a disputed issue of fact that cannot be resolved on summary judgment.'" *Zoroastrian Ctr. & Darb-E-Mehr of Metro. Wash., D.C. v. Rustam Guiv Found. of N.Y.*, 822 F.3d 739, 751 (4th Cir. 2016) (quoting *Rainey v. Conerly*, 973 F.2d 321, 324 (4th Cir. 1992)). "Moreover, in the face of conflicting evidence, . . . summary judgment ordinarily is not appropriate, because it is the function of the fact-finder to resolve factual disputes, including matters of witness credibility." *Ward v. Branch Banking & Tr. Co.*, No. ELH-13-1968, 2016 WL 2930907, at *6 (D.Md. May 17, 2016); *see also ITCO Corp. v. Michelin Tire Corp., Commercial Div.*, 722 F.2d 42, 45 n.3 (4th Cir. 1983) ("The court is not permitted to resolve genuine issues of material facts on a motion for summary judgment— even where . . . both parties have filed cross motions for summary judgment." (emphasis omitted)). Here, Defendant points to contradictions in Plaintiff's witnesses' testimony and undermines their testimony with an E-ZPass record and pictures of the Property, which did not depict any pallets on the Property during the time after Plaintiff's witnesses testified to seeing pallets at the Property. ECF No. 43 at 2–3, 9. Plaintiff's case turns on the credibility of its witnesses, whose veracity Defendant has questioned; the case cannot be resolved without weighing the witnesses' testimony and determining whether the Property was vacant or unoccupied as defined by the Policy. Thus, the Court concludes that if a jury were to credit Defendant's witnesses and discredit Plaintiff's witnesses regarding the building's use, a jury could reasonably return a verdict in Defendant's favor. Accordingly, Plaintiff's Motion will be denied.

Following similar reasoning, Defendant's Cross-Motion will be denied. Defendant proffers photographs of the Property which depict the Property on just one day during the sixty-day period before the fire loss occurred, but Defendant does not—and probably cannot—produce evidence regarding the use of the Property during the rest of the sixty-day period before the fire loss. Defendant further relied on the deposition testimony of two witnesses. The first witness, the claims representative who adjusted Plaintiff's claim, testified that he investigated the fire loss claim and determined that "there w[ere] no signs the building was occupied, or any signs of anything being in the building" because there was no electric to the building and, based on the owner's recorded statement, there were "very few pallets" for the size of the building. ECF No. 40-7 at 19–21. Defendant's second witness testified that on April 4, 2016, she was at the Property and took pictures of the building, which did not show any pallets at the Property as of that date. *See* ECF No. 43-6 and 43-7. Defendant fails, however, to establish that pallets were not present at the Property for the entirety of the sixty day period necessary for the Vacancy and Unoccupancy Clause to apply, *i.e.* since February 10, 2016. *See United States v. Commercial Interiors, Inc.*, No. WMN-14-3401, 2015 WL 7273151, at *2 (D.Md. Nov. 18, 2015) (determining that insufficient evidentiary support existed to grant a party's motion for summary judgment where the evidence purported to establish a necessary factual finding required this Court to make an assumption regarding the evidence). Thus, Defendant's Cross-Motion will be denied.

## Conclusion

For the reasons set forth in this Memorandum Opinion, the Court finds that there is a genuine issue of material fact with regard to whether the Vacancy and Unoccupancy Clause

applies to the Property. Therefore, pursuant to Rule 56, Plaintiff's Motion (ECF No. 40) is DENIED and Defendant's Cross-Motion (ECF No. 43) is DENIED.

A separate order will follow.

Date: 28 November 2017

A. David Copperthite
United States Magistrate Judge